IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SHAWN LAWRENCE MCFALL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CIV-15-1233-M |
| | ) | |
| TULSA COUNTY, et al., | ) | |
| | ) | |
| Respondents. | ) | |

REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. The matter was referred to the undersigned Magistrate Judge by United States District Judge Vicki Miles-LaGrange on November 5, 2015, for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Based on a preliminary review of the Petition, the undersigned finds:

(l) That the Petitioner is presently a prisoner in the custody of the Joseph Harp Correctional Center, Lexington, Cleveland County, Oklahoma, which is located within the territorial jurisdiction of the Western District of Oklahoma. 28 U.S.C. §116(c).

(2) That the Petitioner demands his release from such custody and as grounds therefore alleges she is being deprived of his liberty in violation of his rights under the Constitution of the United States.

(3) That the court which imposed upon Petitioner the judgment of conviction and sentence under attack was the District Court of Tulsa County, Oklahoma, which is located within the territorial jurisdiction of the Northern District of Oklahoma. 28 U.S.C. §116(a).

(4) The Northern District of Oklahoma, as the place of Petitioner's conviction, and the Western District of Oklahoma, as the place of his custody, have concurrent jurisdiction to entertain the application for writ of habeas corpus pursuant to 28 U.S.C. §224l(d).

It is a long-standing policy of this Court, see <u>Gloria Curls v. Mary Livers</u>, Case No. CIV-89-1310 (W.D. Okla. 1989)(Opinion and Order), that justice would be better served by the adjudication of habeas petitions in the district court where the conviction was entered because this is the district where the trial or plea proceedings were conducted, court officials and records are located, where counsel for the prosecution and petitioner are ostensibly available, and potential witnesses usually reside.

This Court, in its discretion and the furtherance of justice, may transfer this application to the United States District Court for the Northern District of Oklahoma, the district where the conviction and sentence under attack occurred. 28 U.S.C. § 2241(d). Balancing the convenience of the two forums and in the interests of justice, the federal court in the Northern District of Oklahoma is the appropriate court to determine the merits of the Petition.

2

RECOMMENDATION

Accordingly, it is recommended that this 28 U.S.C. §2254 Petition for a Writ of Habeas Corpus be transferred to the United States District Court for the Northern District of Oklahoma. The Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court on or before November 30th, 2015, in accordance with 28 U.S.C. §636 and LCvR 72.1. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is DENIED.

ENTERED this 9th day of November, 2015.

*[signature]*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE