**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

SHAWN LAWRENCE McFALL,                )
                                      )
            Petitioner,               )
                                      )
v.                                    )            **Case No. 15-CV-728-GKF-TLW**
                                      )
CARL BEAR, Warden,                    )
                                      )
            Respondent.               )

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus case. Petitioner is a state inmate and appears pro se. On February 10, 2016, in response to the petition (Dkt. # 1), as amended (Dkt. # 10), Respondent filed a motion to dismiss petition as time barred (Dkt. # 16), along with a supporting brief (Dkt. # 17). On April 22, 2016, Petitioner filed a response to the motion to dismiss (Dkt. # 26). For the reasons discussed below, Respondent's motion to dismiss shall be granted and the petition, as amended, shall be dismissed with prejudice.

### BACKGROUND

The record reflects that, at the conclusion of a jury trial held in Tulsa County District Court, Case No. CF-1999-4676, Petitioner Shawn Lawrence McFall was convicted of Rape by Instrumentation (Count 1) and two counts of First Degree Rape (Counts 2 and 3). See Dkt. # 17-1. On October 23, 2000, the trial judge sentenced Petitioner, in accordance with the jury's recommendation, to life imprisonment on both Counts 2 and 3, and to fifteen (15) years imprisonment on Count 1, with all sentences ordered to be served consecutively. Id. Petitioner was represented at trial by attorney Marna Franklin. Id.

Represented by attorney Julia L. O'Connell, Petitioner appealed his convictions to the Oklahoma Court of Criminal Appeals (OCCA). In an unpublished summary opinion, filed October

24, 2001, in Case No. F-2000-1407, the OCCA affirmed the Judgments and Sentences of the trial court.  <u>See</u> Dkt. # 17-2.  Nothing in the record suggests that Petitioner sought certiorari review in the United States Supreme Court.

On March 24, 2004, Petitioner filed an application for post-conviction relief in the state district court.  <u>See</u> Dkt. # 17-3 at 9.  The district court judge denied the requested relief on May 7, 2004.  <u>Id.</u>  Petitioner did file a post-conviction appeal.  <u>Id.</u>  Thereafter, Petitioner filed motions for transcripts at public expense.  <u>Id.</u>  Those motions were denied.  <u>Id.</u>

On November 4, 2015, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1) in the United States District Court for the Western District of Oklahoma.  On December 18, 2015, the case was transferred to this District Court (Dkt. # 7).  In his petition, Petitioner claims that (1) he was denied his right of self-representation, (2) the denial of his right to self-representation mandates reversal of his convictions, (3) the act of sexual intercourse with the victim was consensual, (4) the sodomy charge was false, and (5) insufficient evidence supported the rape by instrumentation conviction.  <u>See</u> Dkt. # 1.  Petitioner alleges his petition is timely because "I was convicted before the new law was inacted [sic], so I'm under the old law.  I have no time limit."  <u>Id.</u> at 30.  On January 11, 2016, Petitioner filed a document titled "amended appeal habeas corpus" (Dkt. # 10).  In that document, docketed as an amended petition, Petitioner claims that the victim and a witness "lied about the whole alleged rape cases altogether."  <u>Id.</u> at 1.  Petitioner further alleges that "I never raped, or sodomized, or raped by instrumentation, [the victim] at all.  I'm innocent."  <u>Id.</u> at 4.

2

In response to the petition, as amended, Respondent filed a motion to dismiss and supporting brief (Dkt. ## 16, 17), arguing that the petition is time barred.  In response to the motion to dismiss, Petitioner again asserts that he is innocent.  See Dkt. # 26 at 2-3.

### ANALYSIS

The Antiterrorism and Effective Death Penalty Act (AEDPA), enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but may also begin to run under the terms of § 2244(d)(1)(B), (C), and (D).  Also, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period.  See § 2244(d)(2).

Petitioner challenges the validity of his convictions and sentences.  The one-year limitations period applicable to Petitioner's claims began to run, under 28 U.S.C. § 2244(d)(1)(A), when his convictions became final.  Petitioner's convictions became final on January 22, 2002, after the

OCCA entered its direct appeal ruling on October 24, 2001, and the 90 day time period for filing a petition for writ of certiorari in the United States Supreme Court had lapsed. See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001). As a result, Petitioner's one-year limitations clock began to run on January 23, 2002, and, absent a tolling event, a federal petition for writ of habeas corpus filed after January 23, 2003, would be untimely. See United States v. Hurst, 322 F.3d 1256, 1260-61 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline); Harris v. Dinwiddie, 642 F.3d 902, 907 n.6 (10th Cir. 2011). Petitioner commenced this action on November 4, 2015, more than twelve (12) years beyond the deadline.

Petitioner asserts that the AEDPA's one-year limitations period does not apply to him because he "was convicted before the new law was inacted [sic], so I'm under the old law." (Dkt. # 1 at 30). Petitioner is simply incorrect. The AEDPA was enacted April 24, 1996. Evans v. Chavis, 546 U.S. 189, 200 (2006). Because Petitioner filed his petition after enactment of the AEDPA, its provisions, including the one-year limitations period, apply. Lindh v. Murphy, 521 U.S. 320, 326-27 (1997). Absent either statutory or equitable tolling, the petition is time-barred.

The running of the limitations period is tolled or suspended during the pendency of any post-conviction or other collateral proceeding with respect to the pertinent judgment or claim properly filed during the limitations period. 28 U.S.C. § 2244(d)(2); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998). Petitioner did not file his application for post-conviction relief until March 24, 2004 – more than a year after the January 23, 2003 deadline. A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations. See Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006); Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th

4

Cir. 2001). As a result, Petitioner's post-conviction proceeding did not serve to toll the limitations period.

In addition, Petitioner's efforts to obtain transcripts at public expense were filed after expiration of the limitations period and, for that reason, do not toll the limitations period. Furthermore, those motions are not "application[s] for post-conviction or other collateral review" for purposes of statutory tolling. See May v. Workman, 339 F.3d 1236, 1237 (10th Cir. 2003) (stating that "the limitations period should not be tolled during the pendency of [petitioner's] various motions for transcripts and petitions for writs of mandamus relating to those motions") (internal citation omitted); Osborne v. Boone, No. 99-7015, 1999 WL 203523 at *1 (10th Cir. Apr. 12, 1999) (unpublished)[1] (holding that "attempts to obtain trial records and transcripts at public expense are not collateral proceedings which would result in the tolling of the filing period under § 2244(d)(2)").

The statute of limitations contained in § 2244(d) is not jurisdictional and may be subject to equitable tolling. See Miller, 141 F.3d at 978; see also Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). However, to be eligible for equitable tolling, a petitioner must make a two-pronged demonstration: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Lawrence v. Florida, 549 U.S. 327, 336 (2007)), so as to prevent him from timely filing his habeas petition. A petitioner's burden in making this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to "show specific facts to support his claim of

---

[1]This unpublished opinion is not precedential but is cited for its persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

extraordinary circumstances and due diligence." Id. (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)) (internal quotation marks omitted).

As noted above, Petitioner claims that he is innocent of the crimes of which he was convicted. See Dkt. ## 10, 26. A claim of actual innocence may in fact overcome the bar resulting from the one-year statute of limitations. See McQuiggin v. Perkins, 133 S. Ct. 1924, 1931 (2013); Lopez v. Trani, 628 F.3d 1228, 1231 (10th Cir. 2010) ("Where . . . a petitioner argues that he is entitled to equitable tolling because he is actually innocent, . . . the petitioner need make no showing of cause for the delay."); Laurson v. Leyba, 507 F.3d 1230, 1232 (10th Cir. 2007) ("A claim of actual innocence may toll the AEDPA statute of limitations."). The Tenth Circuit has "stress[ed] that this actual innocence exception is rare and will only be applied in the extraordinary case." Lopez, 628 F.3d at 1231 (internal quotation marks omitted). "Actual innocence" in this context refers to factual innocence and not mere legal sufficiency. Bousley v. U.S., 523 U.S. 614, 623-24 (1998).

To take advantage of the "actual innocence" gateway, a habeas petitioner must "present[ ] evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error . . . ." Schlup v. Delo, 513 U.S. 298, 316 (1995). The petitioner must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." Id. at 324. Moreover, this new evidence must be sufficient to "show that it is more likely than not that no reasonable juror would have convicted [the petitioner] in light of the new evidence." Id. at 327; see also House v. Bell, 547 U.S. 518, 536-37 (2006). Here, Petitioner presents no new evidence to

6

support his actual innocence claim.  Instead, Petitioner merely challenges the sufficiency of the evidence presented at trial.  That argument is insufficient to overcome the statute of limitations bar. See Bousley, 523 U.S. at 623-24.

Petitioner fails to makes any other argument suggesting he is entitled to equitable tolling. Furthermore, nothing in the record before the Court suggests that Petitioner is entitled to equitable tolling.  In the absence of equitable tolling, the petition for writ of habeas corpus is clearly time barred.  Respondent's motion to dismiss shall be granted and the petition for writ of habeas corpus, as amended, shall be dismissed with prejudice.

### Certificate of Appealability

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing."  A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings.  Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack, 529 U.S. at 484.

In this case, the Court concludes that a certificate of appealability should not issue.  Nothing suggests that the Court's procedural ruling resulting in the dismissal of the petition based on the statute of limitations is debatable or incorrect.  The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1.     Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 16) is **granted**.

2.     The petition for writ of habeas corpus (Dkt. # 1), as amended (Dkt. # 10), is **dismissed with prejudice**.

3.     A separate Judgment shall be entered in this case.

4.     A certificate of appealability is **denied**.

**DATED** this 22nd day of April, 2016.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

8