IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHAWN LAWRENCE McFALL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 15-CV-728-GKF-TLW |
| | ) |
| CARL BEAR, Warden, | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

This is a 28 U.S.C. § 2254 habeas corpus action. The record reflects that, on April 22, 2016, the Court granted Respondent's motion to dismiss and dismissed the amended petition for writ of habeas corpus with prejudice as time barred. See Dkt. # 27. The Court entered judgment (Dkt. # 28) in favor of Respondent on April 22, 2016. Petitioner did not file a notice of appeal and the time for filing a notice of appeal has expired. See Fed. R. App. P. 4(a)(1)(A).

On July 21, 2016, almost three (3) months after entry of judgment, Petitioner filed a document titled "motion to dismiss brief for a time bar and motion" (Dkt. # 29), asking the Court to "dismiss the time bar motion." By Order filed August 1, 2016 (Dkt. # 31), the Court adjudicated the motion as a "true" Rule 60(b) motion to set aside judgment and denied the requested relief. Petitioner did not file a notice of appeal and the time for filing a notice of appeal has expired. See Fed. R. App. P. 4(a)(1)(A).

On December 5, 2016, or more than four (4) months after entry of the order denying relief under Fed. R. Civ. P. 60(b), Petitioner filed a document titled "amended appeal to habeas corpus" (Dkt. # 32). In that document, Petitioner states that he is "amending this habeas corpus appeal," id. at 1, and again makes allegations supporting his claim that he is innocent of the crimes of which he

was convicted. The Court finds that, even though the habeas petition was dismissed with prejudice as time barred more than seven (7) months before Petitioner filed the "amended appeal to habeas corpus," Petitioner improperly attempts to amend his petition and continues to seek relief from his convictions entered in Tulsa County District Court, Case No. CF-1999-4676.[1] Petitioner does not state an intent to appeal this Court's rulings to the Tenth Circuit Court of Appeals.[2] Therefore, the Court shall adjudicate the "amended appeal to habeas corpus" as a second motion for relief from judgment under Fed. R. Civ. P. 60(b).

Petitioner's request for relief under Fed. R. Civ. P. 60(b) is denied. Petitioner makes no argument suggesting that Grounds (1) through (5) of Rule 60(b) apply in this case. As a result, the only available ground for relief is under Rule 60(b)(6). As the Court has previously explained, see Dkt. # 31, Rule 60(b)(6) "is a catchall provision, allowing relief from judgment for 'any other reason justifying relief.'" Davis v. Kan. Dep't of Corrs., 507 F.3d 1246, 1248 (10th Cir. 2007) (quoting Fed. R. Civ. P. 60(b)(6)). "Relief under Rule 60(b)(6) is extraordinary and may only be granted in exceptional circumstances." Id. (internal quotation marks and citation omitted). Relief under Rule 60(b)(6) "will rarely occur in the habeas context." Omar-Muhammad v. Williams, 484 F.3d 1262, 1264 (10th Cir. 2007) (quoting Gonzalez v. Crosby, 545 U.S. 524, 535 (2005)).

Nothing asserted in Petitioner's "amended appeal to habeas corpus" rises to the level of "exceptional circumstances." Petitioner alleges, as he did in his amended petition (Dkt. # 10), in his

---

[1] In Tulsa County District Court, Case No. CF-1999-4676, a jury convicted Petitioner of Rape by Instrumentation (Count 1) and two counts of First Degree Rape (Counts 2 and 3).

[2] Even if Petitioner is in fact seeking to appeal to the Tenth Circuit Court of Appeals, the time for filing notices of appeal from the Court's rulings expired before Petitioner filed his "amended appeal to habeas corpus."

response to the motion to dismiss (Dkt. # 26), and in his "motion to dismiss brief for a time bar" (Dkt. # 29), that he is actually innocent of the crimes of which he was convicted. See Dkt. # 32. Specifically, Petitioner claims that because the rape victim was capable of providing "legal consent," "[t]here was no rape by mental incapacity" and his case should be reversed and the charges dismissed. Id. at 1-2. However, as explained in the Opinion and Order dismissing the amended petition for writ of habeas corpus (Dkt. # 27), and in the Order denying relief under Fed. R. Civ. P. 60(b) (Dkt. # 31), a petitioner must "support his allegations of innocence with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." In those prior rulings, the Court determined that Petitioner had failed to present new evidence to support his actual innocence claim and that, instead, Petitioner merely challenged the sufficiency of the evidence presented at trial. See Dkt. # 27 at 6-7; Dkt. # 31 at 3. The Court found those arguments to be insufficient to overcome the statute of limitations bar.

In his "amended appeal to habeas corpus," Petitioner again fails to make the necessary showing. While Petitioner believes he was wrongly convicted, he provides no new evidence to support his claim of actual innocence. Petitioner's claim is properly characterized as one of legal innocence, as opposed to actual innocence. Therefore, Petitioner cannot take advantage of the "actual innocence" gateway to overcome the time bar. The Court finds no basis for reconsidering its prior ruling denying relief under Fed. R. Civ. P. 60(b). Therefore, to the extent Petitioner again seeks relief under Fed. R. Civ. P. 60(b), the request is denied.

**Certificate of Appealability**

A movant is required to obtain a certificate of appealability to appeal from the denial of a Rule 60(b) motion. Spitznas, 464 F.3d at 1218. Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A movant can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, a movant must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484. In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Court's procedural ruling resulting in the denial of Petitioner's Rule 60(b) motion is debatable or incorrect. The Court denies a certificate of appealability.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Petitioner's "amended appeal to habeas corpus" (Dkt. # 32), adjudicated as Petitioner's second Rule 60(b) motion for relief from judgment, is **denied**.

2. A certificate of appealability is **denied**.

**DATED** this 15th day of February, 2017.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT